UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN FULMORE, SR.,

    Plaintiff,

vs.

    Case No. 3:16-cv-114-J-39PDB

SRGT. POND, et al.,

    Defendants.

_____

**ORDER**

**I.  Status**

Plaintiff is an inmate confined in the Florida penal system. He is proceeding pro se on an Amended Civil Rights Complaint (Amended Complaint) (Doc. 16) pursuant to 42 U.S.C. § 1983. He filed his original Complaint (Doc. 1) on February 2, 2016, pursuant to the mailbox rule. This cause is before the Court on Defendants' Motion to Dismiss (Motion) (Doc. 12).[1]  See Order (Doc. 5). Plaintiff responded.  See Plaintiff's Opposition to Defendants' Motion to Dismiss (Response) (Doc. 25). Defendants Burgess joined and adopted the Motion.  See Notice of Compliance (Doc. 30). The Court gave Plaintiff the opportunity to separately respond to Burgess's motion to dismiss by October 20, 2016. Order (Doc. 31). Plaintiff did not elect to file a separate response. Thus, the case is ripe for review.

---

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

## II. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing suit, and they seek the dismissal of the Amended Complaint. Motion at 2-6. Upon review, the motion to dismiss for failure to exhaust administrative remedies, a matter in abatement, is due to be granted. An explanation follows.

## III. Exhaustion of Administrative Remedies

Defendants move to dismiss the Amended Complaint pursuant to 42 U.S.C. § 1997e(a). Motion at 2-6. Defendants assert that Plaintiff failed to raise the issues alleged in this lawsuit in any

grievances and did not avail himself of the grievance process with regard to his claims. See Defendants' Exhibit, Declaration of Debbie Pittman (Doc. 12-1) and Defendants' Exhibit, Declaration of Justin Davis (12-2).

The exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court. There are guidelines for reviewing a prisoner civil rights action:

> Before a prisoner may bring a prison-conditions suit under § 1983, the Prison Litigation Reform Act of 1995 requires that he exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); see also Booth v. Churner, 532 U.S. 731, 736, 121 S.Ct. 1819, 1822, 149 L.Ed.2d 958 (2001). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quotation omitted). To properly exhaust, a prisoner must "[c]ompl[y] with prison grievance procedures." Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 922-23, 166 L.Ed.2d 798 (2007).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015).

In order to undertake a review, the Court must employ a two-step process for resolving motions to dismiss relying on assertions of failure to exhaust administrative remedies:

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit,

> defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. See Turner,[2] 541 F.3d at 1081. In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082–83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley, 802 F.3d at 1209.

There are certain factors which guide this Court. The Court first recognizes that exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the Prison Litigation Reform Act. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir.), cert. denied, 555 U.S. 1074 (2008); Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). The Supreme Court has stated that "failure to exhaust is an affirmative defense under the PLRA[.]" Jones v. Bock, 549 U.S. at 216. However, "the PLRA exhaustion requirement is not

---

[2] Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008).

jurisdictional[.]" Woodford v. Ngo, 548 U.S. at 101. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (recognizing that the defense "is not a jurisdictional matter").

Second, a prisoner must completely exhaust his remedies prior to initiating a suit in federal court. If a prisoner fails to complete the process, the civil rights complaint must be dismissed. This is true even if the inmate thereafter exhausts his administrative remedies after initiating his action in federal court. See Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (per curiam); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam); Medina-Claudio v. Rodiquez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

Third, not only is there a recognized exhaustion requirement, "the PLRA exhaustion requirement requires proper exhaustion." Woodford, 548 U.S at 93.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing

>           so properly (so that the agency addresses the
>           issues on the merits)."  <u>Pozo</u>,[3] 286 F.3d, at
>           1024. . . .

<u>Id</u>. at 90.  In fact, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  <u>Id</u>.

In employing the two-step analysis, the Court recognizes that Plaintiff is not required to plead exhaustion; therefore, the Amended Complaint was not dismissed on its face, but, the Court notes that Plaintiff, in his verified Amended Complaint, states that he exhausted all administrative remedies by filing informal and formal grievances to the institution and Secretary of the Florida Department of Corrections (FDOC), as well as an emergency grievance to the Secretary, but he received no responses.[4]  Amended Complaint at 7.  He reiterates this position in his Response at 1-2.

There are disputed issues of fact as to whether Plaintiff exhausted all available administrative remedies.  Thus, the Court

---

[3] <u>Pozo v. McCaughtry</u>, 286 F.3d 1022 (7th Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 949 (2002).

[4] <u>See</u> <u>Stallworth v. Tyson</u>, 578 F. App'x 948, 950 (11th Cir. 2014) (per curiam) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

must now make findings on the disputed issues of fact to decide whether he properly exhausted his administrative remedies.[5]

The FDOC provides an internal grievance procedure. See Chapter 33-103, Florida Administrative Code (F.A.C.). Thus, to determine whether Plaintiff exhausted his administrative remedies, this Court must examine relevant documents to determine whether the incidents in question were grieved. If these incidents were grieved and the documents complied with the deadlines and other procedural rules as set forth in the F.A.C., the issues raised therein are exhausted.

Generally, the FDOC provides a three-step grievance procedure. The Eleventh Circuit succinctly described the administrative grievance procedure available to the inmates confined in the Florida penal system, including the procedure for medical grievances:

> In Florida, the grievance process consists of a three-step procedure. An inmate must first file an "informal grievance ... to the staff member who is responsible in the particular area of the problem." Fla. Admin. Code Ann. § 33-103.005(1). The second step requires the inmate file a formal grievance with the warden. Id. § 33-103.006(1)(a). If

---

[5] Since the parties have not requested an evidentiary hearing on this issue and they have submitted evidence for the Court's consideration, the Court proceeds to resolve the material questions of fact based on the documents before the Court. Bryant, 530 F.3d 1377 n.16 (recognizing that a district court may resolve material questions of fact on the submitted papers when addressing the Prison Litigation Reform Act's exhaustion of remedies requirement).

7

>     the inmate is unsuccessful at this point, he may submit an appeal to the Secretary of the DOC. Id. § 33-103.007.
>
>     Medical grievances require only a two-step procedure: the inmate must file a formal grievance at the institutional level with the chief health officer. If the inmate is unsuccessful, he may file an appeal with the Secretary. Id. § 33-103.008.

Kozuh v. Nichols, 185 F. App'x 874, 877 (11th Cir. 2006) (per curiam), cert. denied, 549 U.S. 1222 (2007).  Therefore, if Plaintiff elected to submit a medical grievance, he should have submitted a medical grievance "to the medical department followed by an appeal to the Secretary." Kozuh v. Nichols, 185 F. App'x at 877.

Plaintiff has not demonstrated that he has exhausted his administrative remedies with respect to his claims.  He has failed to submit any documents showing exhaustion.  On the other hand, Defendants' submitted supporting documents demonstrating complete lack of exhaustion.  The Declaration of Debbie Pittman states that she, a Correctional Sentence Specialist and custodian of records, undertook a review of the grievance records, and she found no formal and informal grievances filed by Plaintiff regarding a use of force or allegations of abuse occurring on December 31, 2013 or the denial of medical care thereafter. (Doc. 12-1).  Also, Justin Davis, an Administrative Assistant of the FDOC and records custodian, undertook a review of the grievance records kept by the Central Office of the FDOC, and he found no grievance appeals

submitted by Plaintiff concerning allegations of abuse or use of force on December 31, 2013 or the denial of medical care thereafter. (Doc. 12-2).

Although Plaintiff states that he submitted grievances, he has failed to provide the Court with copies of any grievances or grievance responses or other information demonstrating exhaustion of his administrative remedies. He has not provided reference log numbers of his alleged grievances and the dates his grievances were allegedly submitted to the prison officials/medical authorities. He has failed to provide the Court with any helpful identifying information. In stark contrast, Defendants provided Declarations from the records custodians of the FDOC stating that there is no record evidence of Plaintiff ever grieving the December 31, 2013 incident or a related denial of medical care. Based on all reasonable inferences, Plaintiff has not shown that he properly filed grievances concerning the events that occurred at Columbia Correctional Institution and fully exhausted his administrative remedies in compliance with the procedural rules.

In light of the above, Plaintiff failed to exhaust his administrative remedies before filing a lawsuit to seek judicial redress. Therefore, the Court concludes that the Motion should be granted for Plaintiff's failure to exhaust his administrative remedies.

9

In sum, the case should be dismissed without prejudice so that Plaintiff may exhaust his available administrative remedies prior to initiating a new action in this Court.  Simply put, exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court, and Plaintiff failed to avail himself of this process.

Therefore, it is now

**ORDERED:**

1.   Defendants' [Pond, Moore, and Burgess] Motion to Dismiss (Doc. 20) is **GRANTED** with respect to the request to dismiss the action pursuant to 42 U.S.C. § 1997e(a).

2.   Defendants Pond, Moore, and Burgess are **Dismissed** without prejudice.

3.   This case is **DISMISSED without prejudice** so that Plaintiff may exhaust his available administrative remedies prior to initiating a new action in this Court.

4.   The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 2016.

_____
BRIAN J. DAVIS
United States District Judge

```
sa 11/15
c:
Kevin Fulmore, Sr.
Counsel of Record
```